GARRISON, Judge.
This is an appeal from a judgment of the Criminal District court for the Parish of Orleans, rendered on June 21, 1980 in accordance with a unanimous jury verdict finding the defendant guilty of aggravated burglary under R.S. 14:60 and forcible rape under R.S. 14:42.[1]J
On March 16, 1984[2] at approximately 1:00 a.m. defendant Jonathan Moore broke into the dwelling at 6922 Yorktown Street, the home of Susan and Johnna Woodson, in New Orleans by forcing a locked window with a screwdriver. Jonathan Moore carried a loaded sawed-off shotgun as he entered the premises. Once inside, Jonathan Moore proceeded to Susan Woodson’s bedroom, where he held the shotgun to her head and stated, “Wake up bitch, because you are going to die tonight.” Ms. Wood-son kept a pistol on the nightstand near her bed. Moore told her to stand up and she looked at the pistol. He then spotted the pistol and grabbed it from the nightstand.
At this time, Johanna Woodson, a 15 year old student at Xavier Prep, entered the room. She had been asleep in her bedroom and was awakened by the sound of voices in her mother’s room. At this point Jonathan Moore made several statements that all three of them were going to die that night and that he intended to kill Susan and Johanna Woodson and then kill himself.
Mr. Moore then wanted a drink of fruit juice. The three proceeded to the kitchen where the mother attempted to pour a glass of juice and was so terrorized she was unable to finish, whereupon the daughter finished pouring the fruit juice. Testimony varies as to whether or not Mr. Moore held a gun to the daughter’s head while she finished pouring the juice.
At Mr. Moore’s behest, Susan and Johanna Woodson returned to Susan’s bedroom after “cutting off” the lights as per his order. In the bedroom, Moore attempted to turn off a television set by its remote control unit and was unable to do so. At this point he pistol whipped Susan Wood-son, causing her to fall to the floor. He *784 then told Susan Woodson to take off her clothes and she refused. At some point in this discourse, Moore threatened to rape the daughter. Susan Woodson said, “I can’t do this in front of my daughter” and Moore took the mother to a “back bedroom.” He told the daughter to sit on the bed in her mother’s room and that if she moved off of the bed he would kill her mother.
Mr. Moore escorted Susan Woodson to the back bedroom at gunpoint. While holding the pistol to her temple, he forced her to commit oral sex upon him for a period of approximately 25 minutes.
Moore then returned to the bedroom where Johanna Woodson was located to check on her and to repeat his earlier warning that if she moved off of the bed he would kill her mother.
Moore then returned to the back bedroom where he ordered Susan Woodson to lay down on a couch. He wrapped a scarf around her neck and began choking her from behind as “he had sex with (her).” He then ordered Susan Woodson to return to her bedroom where Johanna Woodson sat waiting.
Once in that room, Jonathan Moore repeated his threats to kill Susan and Johanna Woodson. He then reclined upon the bed, placing a pillow on 15 year old Johanna’s leg and laying upon the pillow while pointing a gun at her. He also ordered Susan Woodson to lay down on the bed, while he continued holding both the shotgun and the pistol. Slowly, Moore’s eyes closed. Both Susan and Johanna Woodson feared that he was only pretending to be asleep. They further feared that if they moved, he would kill them.
Under the guise of going to the bathroom, Susan Woodson entered the bathroom and turned on the water. She then furtively made her way to the front door and unlocked it. She returned to the bathroom, turned the water off, and returned to the bedroom.
Under the guise of returning her daughter to her bedroom, Susan Woodson took her daughter by the hand and removed her from the bedroom. Once in the hallway, Susan told her daughter to run. Once outside of the house, Susan told her daughter to run in the opposite direction. Susan Woodson thought that if Moore followed them out of the house, she could thus draw his fire and her daughter might have a chance at survival.
Eventually, Johanna Woodson was admitted to one house and Susan was admitted to another. Susan Woodson called the police and Officer Kenneth Maes responded to the call. Officer Maes entered the Woodson home and found Jonathan Moore asleep on the bed with the pistol in one hand and the shotgun in the other. He also found the screwdriver that Moore used to force open the window.
On appeal, defendant argues that the sentences are excessive because they run consecutively instead of concurrently and seek to have the case remanded to another judge for sentencing on the basis:
“of the trial judge’s remarks that defendant felt he was ‘God’s gift to women’, the use of that attitude as a factor justifying a harsher sentence, and the fact that the trial judge is female ...” (Defendant’s brief, p. 4).
Lastly, defendant argues that the trial court judge failed to take into account two “mitigating circumstances” that Moore was “young” and that he was “employed.”
Code of Criminal Procedure Article 894.1 provides the following general sentencing guidelines:
“A. When a defendant has been convicted of a felony or misdemeanor, .the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
*785 (3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant’s criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history or prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”
Additionally, it should be noted that defendant has quoted select phrases out of context from the trial court judge’s 894.1 analysis:
“Okay, let us see. Mr. Moore, a jury of twelve citizens heard your case on the twenty-first day of June, 1984. In that case, Mr. Moore, we heard the most startling facts and the facts were that on the sixteenth day of March, 1984, you climbed into 6922 Yorktown Drive complete with a sawed-off shotgun and then, you proceeded to terrorize the lady that lives there by the name of Susan Woodson, you struck her on the head and caused a very serious bump on her head, you threatened Ms. Woodson and her daughter and, in addition to that, you almost had sex with Ms. Woodson in front of her daughter and altogether, you acted like a person who has very little sensitivity for the sanctity of the home of a person of [sic] their feelings or anything that a decent human being would take into consideration.
In addition to that, you forced Ms. Woodson, in earshot of her daughter to have with you, oral sex, and vaginal sex and then you fell asleep on the premises and by the grace of God, Ms. Woodson and her daughter got away. And, when you took the witness stand, Mr. Moore, I can tell you that I have never been more appalled by your self-righteous explanations of these dastardly acts. I cannot believe a person getting up on the witness’ stand and under oath, telling a judge and a jury of twelve citizens that [he] hit her out of love and because she bruises so easily she had that bump on her head and that you didn’t force her to make love, you just simply fell into her arms and all of that in the face of your prior conviction which was a violent crime. And, altogether, you acted as if you were God’s gift to women on the witness stand. And, I can only tell you that that young lady is ruined and that Ms. Woodson is ruined and now, it’s your time to pay.
BY MR. MOORE:
You said her hip was ruined?
*786 BY MR. HATTIER:
Pay attention to the judge.
BY THE COURT:
Pardon me?
BY MR. MOORE:
You said her hip was ruined?
BY THE COURT:
Mr. Moore, I’m trying to sentence you and I wouldn’t—
BY MR. HATTIER:
Listen to her, listen to her.
BY THE COURT:
In case number 301-276, in count one which was the aggravated burglary, the seriousness of the crime is so appalling and to do anything less would deprecate the seriousness of the offense. The offender has shown no remorse; he has not presented any mitigating circumstances; he has a prior record, and because of that the court is going to impose on count one, the maximum sentence which shall be at hard labor for thirty years. Credit for time served.
In count two, which is the forciable rape charge, because of the incredible arrogance and incredible insensitivity of the defendant and the insensitivity to human sanctity in the own home and the child that was present that was well aware of what was going on and because of the seriousness of that offense, Mr. Moore, the court has no other alternative but to impose the maximum sentence which is on count two, forty years at hard labor and two years of that sentence is without probation or parole or suspension of sentence. And, the forty years that I’m imposing on count two is going to run consecutive to count one. So, that is a total of seventy years.
Now, let’s come to the one that you just plead guilty to, Mr. Moore. In case number 301-261, you have offered a plea of guilty to this court and the court imposed a sentence of five years at hard labor and that sentence is to run concurrent with the seventh years that has just been imposed. Court costs is waived on all counts and please remand Mr. Moore.
BY MR. HATTIER:
Judge, in case number—
BY THE COURT:
Oh, and I wanted to tell you, Mr. Moore, I forgot that. You have the right to an appeal in case number 301-276. You have the right to a free transcript. You have a right to an attorney to represent you on appeal and you have the right to lodge that appeal in the Fourth Circuit to complain about any error I have made either at sentencing or trial. What is your desire, Mr. Moore?
BY MR. HATTIER:
Judge, at this time, we would like to object to the sentencing that is excessive and that at this time, we file an oral motion to appeal. I will follow it up with a written motion, Your Honor.
BY THE COURT:
All right, oral motion of appeal has been filed. Return date on the appeal is going to be when you give me a written one on the twenty-fifth day of September, 1984 is the return date. I will already make out the form. Miss Rivers is the court reporter.
Remand Mr. Moore.
Credit for time served, of course.
BY MR. HATTIER:
Thank you, Your Honor.”
Initially, it should be noted that the trial court judge could have ordered that all three sentences run consecutively, instead only two run consecutively and one runs concurrently.
Turning to the “God’s gift to women” statement and the use of Mr. Moore’s attitude as a factor in justifying a harsher sentence, we can only note that in light of Jonathan Moore’s statement that Susan Woodson prosaicly “swooned into his arms” (after being pistol-whipped, threatened with murder, held hostage in her home and threatened with the rape and murder of her child), a characterization of his deluded and arrogant self-belief in him *787 self as “God’s gift to women” is a dryly apt factual statement. As stated by the trial judge, Mr. Moore has shown no remorse. His deluded arrogant self-belief is hardly likely to induce feelings of remorse. This is especially true in light of his admission on the witness stand of his 1972 conviction in Rock Island, Illinois of aggravated rape and robbery, along with three other felons, of a 53 year old woman.
The only other explanation offered by Jonathan Moore was that he pistol-whipped Susan Woodson because he loves her. If Jonathan Moore expresses his love by pistol-whipping the people he loves, we can only wonder how he expresses hate or mere indifference. This does not appear, however, to be a sufficient reason to reduce his sentence.
Turning to defendant’s allegation that “the trial court judge is female,” defendant does not seriously expect this court to believe that he or any other defendant is denied equal protection on the basis of the trial court judge’s race, gender, age or national origin. This bogus and meritless argument will not be justified with a response.
Lastly, defendant argues that he deserves leniency in light of the fact that he is “young” and “employed”. This “youngster” was 29 years old at the time of the offense. At age 29, one is no longer a “youth” but is a full-fledged adult. This argument is without merit. Mr. Moore was employed as a bartender at the Eclipse Lounge. While in some cases where other additional mitigating factors were also present, current employment would aid a defendant, that factor alone, when balanced against defendant’s prior conviction of a similar violent crime and his actions in this case, is but a featherweight upon the scales.
In State v. Murdock, 416 So.2d 103 (La., 1982) Justice Ad Hoc Lobrano as organ of the Louisiana Supreme Court upheld consecutive sentences in a similar crime situation.
For the reasons discussed, the conviction and sentence are affirmed.
AFFIRMED.

. Defendant Moore also pled guilty to violating R.S. 40:1785 possession of an unregistered shotgun having a barrel length of less than eighteen inches and was sentenced to five years. This sentence, which has not appealed, runs concurrent with the other two sentences.

. Three months before the date of the attack, Jonathan Moore moved from the Woodson home where he had resided for the prior five months. Susan Woodson immediately changed the locks after he moved.